UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARLON JADERRICK WHITE, JR.                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:24-CV-779-KHJ-MTP

STATE OF MISSISSIPPI                                                            RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated below, the Court dismisses this case without prejudice.

Pro se Petitioner Marlon Jaderrick White, Jr.—a pretrial detainee at the Lauderdale County Detention Center—initiated this habeas action on December 9, 2024. Pet. [1]. The next day, the Court ordered him either to pay the filing fee or to apply for leave to proceed *in forma pauperis*, specifically including a Certificate by an Authorized Officer of Institution. Order [2] at 1, 3. On January 21, 2025, White filed an [4] IFP Application without a completed Certificate. [4] at 2. Since White failed to comply, on January 23, the Court sent him another copy of the IFP Certificate and ordered him to pay the fee, file a completed IFP Certificate, or show cause why the Court should not dismiss the case for failure to comply with a Court Order. Order to Show Cause [5] at 1–2. Because White still did not comply, the Court entered a [7] Second Order to Show Cause, giving him one more chance to

comply. [7] at 1.[1] After an extension of time, the response was due May 1. Order Extending Time [12]. White still failed to pay the filing fee or complete the IFP Certificate.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b) and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given White multiple chances to comply. The Court has given White five months and multiple chances to comply, yet he has still failed to pay the filing fee or amend his IFP application. The Court therefore DISMISSES this case WITHOUT PREJUDICE under Rule 41(b) for failure to obey Court Orders.

---

[1] All [2, 5, 7, 12] Orders were mailed to White's address of record and were not returned as undeliverable.

2

For the reasons stated above, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to White at his address of record.

SO ORDERED, this 16th day of May, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE